## 67796. HENLEY v. THE STATE.

DEEN, Presiding Judge.

Mrs. Julie Mims was seated on the passenger side of her unlocked automobile in the parking lot of a building where her husband was transacting business. The door on the driver's side suddenly opened and a bandana-clad white male, subsequently identified as appellant Henley, entered the automobile and pointed a paper bag at her, ordering her to leave the vehicle immediately if she did not want him to "blow her brains out." When the threat was repeated in slightly different words, Mrs. Mims jumped out and ran into the building. Mr. Mims gave chase to the moving vehicle and was able to get close enough to see that the driver was a dark-haired white male wearing a bandana.

In the meanwhile the police were notified, and within only a few minutes officers in a patrol car spotted the stolen vehicle and, after a brief chase, apprehended the driver (appellant here), who was wearing a bandana. When he stepped from the car, one of the police officers noticed an odor of alcohol. He was charged with driving a stolen vehicle and driving under the influence. A paper bag, subsequently identified as like that which the assailant had pointed at Mrs. Mims, was discovered on the front seat and was found to contain a half-consumed box of crackers.

At the police station Mrs. Mims positively identified Henley as her assailant, and he was indicted for robbery by intimidation, tried, and found guilty as charged. His original twenty-year prison sentence was subsequently modified to ten years to serve and ten years on probation because the court found that the habitual offender provisions of the law, under which Henley had been sentenced, were inapplicable to his case. On appeal Henley enumerates as error three jury instructions and an alleged failure by the prosecution to prove the essential element of creating in the victim's mind an apprehension of danger. *Held:*

Our examination of the entire record reveals no reversible error in the proceedings below. Appellant's assertion that the state did not

prove intimidation or apprehension is belied by Mrs. Mims' testimony that she was "terrified," and her husband's testimony that she looked frightened and "threatened" when she ran into the building. Moreover, the reasonable juror would be authorized to conclude that apprehension of danger to life or limb would result from the appellant's use of the language, "I'll blow your head off," spoken in conjunction with the pointing of a paper bag of such size and shape as easily to have concealed a gun.

Appellant's contentions to the contrary notwithstanding, jury instructions on flight and on voluntary intoxication were clearly authorized by the evidence. We do not find that the court's instruction to the jurors that they might find appellant guilty of motor vehicle theft, if the evidence did not warrant conviction of robbery by intimidation, was incorrect as a matter of law, or was in any way potentially confusing to the jury or prejudicial to the appellant.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1984.

*Jimmy D. Berry,* for appellant.
*Thomas J. Charron, District Attorney, James F. Morris, Debra H. Bernes, Assistant District Attorneys,* for appellee.